IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael E. Hamm, # 96922, <br> aka Michael Eugene Hamm, <br> formerly # 05052604, <br><br>                Petitioner, <br><br> vs. <br><br> State of South Carolina; <br> Jean Toal, Chief Justice of <br> Supreme Court of South Carolina; <br> General Assembly of South Carolina; and <br> LeVern Cohen, Warden of the <br> Ridgeland Correctional Institution, <br><br>                Respondents. | C.A. No. 0:07-826-HMH-BM <br><br> **OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael E. Hamm ("Hamm") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Rogers recommends dismissing Hamm's § 2254 petition without prejudice and without requiring the Respondents to file a return because Hamm has not exhausted his state court remedies.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Hamm filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Hamm's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. On December 15, 2005, Hamm pled guilty to committing a lewd act upon a minor. Hamm concedes that he has a pending application for post-conviction relief. However, Hamm argues that this case does not concern his conviction and sentence but a novel question of constitutional law. Further, Hamm moves to amend his petition to clarify that his petition does not concern his conviction and sentence.

Hamm states in his motion to amend that "this case deals only with the answer of a certified question of law and novel question of law, not about my conviction and sentence." (Mot. Amend 1.) Hamm alleges that he seeks a declaratory judgment declaring that the Respondents' actions are illegal. Hamm generally alleges that Chief Justice Jean Toal of the South Carolina Supreme Court has been scheduling the terms of court for the circuit court in violation of S.C. Code Ann. § 14-5-610 et. seq, which proscribes when terms of court are held in the state judicial circuits. (§ 2254 Petition; Objections, generally.) As a result, Hamm argues that he was sentenced illegally.

2

"[A] declaratory judgment cannot be used as a vehicle for circumventing the prerequisites to the issuance of a writ of habeas corpus." Hogan v. Lukhard, 351 F. Supp. 1112, 1114 (E.D. Va. 1972); see also Pruitt v. Campbell, 429 F.2d 642, 645 (4th Cir. 1970). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In the instant case, Hamm challenges the constitutionality of his conviction. Therefore, Hamm's claims challenging the legality of his conviction can only be brought pursuant to § 2254. Based on the foregoing, Hamm's claims are without merit. Moreover, the court has reviewed Hamm's motion to amend and finds that allowing Hamm to amend his complaint would be futile. Cf. In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005). Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that Hamm's § 2254 petition is dismissed without prejudice and without requiring the Respondents to file a return. It is further

**ORDERED** that Hamm's motion to amend is denied.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
June 4, 2007

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.